IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT LEE THOMAS, JR., | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-0278 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Robert Lee Thomas, Jr., a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his conviction for causing serious bodily injury to a child. Respondent filed a motion for summary judgment (Docket Entry No. 13), to which petitioner filed a response (Docket Entry No. 17).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this action for the reasons that follow.

### I. BACKGROUND AND CLAIMS

Petitioner pleaded guilty to injury to a child causing serious bodily injury, and was sentenced to twenty-seven years incarceration. At the plea hearing, petitioner pleaded guilty to injuring his twenty-two-month old son and stipulated to his use of an object to strike the child's head, shaking the child, and causing injury by a manner and means unknown. No direct appeal was taken. Petitioner's application for state habeas

relief was denied by the Texas Court of Criminal Appeals. Petitioner filed a subsequent application for state habeas relief, but it was dismissed as an abuse of the writ.

Petitioner raises the following habeas claims in the instant federal petition:

1. The trial court used threats to force him to plead guilty.

2. His Fifth Amendment rights were violated when he was interviewed by Child Protective Services and Harris County investigators.

3. Trial counsel was ineffective in failing to show favorable medical records to the grand jury.

4. His sentence is excessive.

Respondent contends that these claims have been procedurally defaulted and are barred from consideration by this Court.

## II. THE APPLICABLE LEGAL STANDARDS

### A. Habeas Review

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, ___U.S. ___, 131 S. Ct. 770, 785 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme

2

Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

B. <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show

3

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### III. ANALYSIS

Respondent contends that petitioner's instant claims were procedurally defaulted and are now barred from consideration by this Court. A review of the state court records in this case support respondent's position.

Petitioner pleaded guilty to the charges and judicially stipulated that he intentionally, unlawfully, and knowingly, caused serious bodily injury to the complainant, his minor son, by:

>causing the complainant's head to strike an unknown object;
>
>striking the complainant's head with an unknown object;
>
>shaking the complainant; and
>
>a manner and means unknown.

*Ex parte Thomas*, p. 20. Petitioner further judicially stipulated that he used a deadly weapon in the commission of the crime, namely, his hands and an unknown object. *Id.* These representations by a defendant during plea proceedings carry a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir. 1985).

In his first application for state habeas relief, petitioner claimed that his trial attorney was ineffective "because he failed to protect my rights under the 14th Amendment due process." *Ex parte Thomas*, WR-77, 277-01, p. 7. In support, petitioner argued that he was not "criminally negligent" because he immediately sought medical help when he felt something was wrong with his son. Petitioner further complained that the medical evidence was contradictory as to whether his son's skull had been fractured, but that the prosecutor did not give that information to the grand jury. He also complained that the medical doctors and Child Protective Services were in a conspiracy and forced family members to tell lies against him, and that his sentence should have been only a two-year state jail sentence because he immediately sought medical attention for the child following his injury. At first blush, petitioner appears to have placed the blame for his being indicted squarely on the shoulders of his trial

5

attorney. A closer examination, however, shows that petitioner was complaining that the true facts of the case did not support the grand jury's actions, and that he was the victim of conspiracies, lies, threats, and improper medical diagnoses. *Ex parte Thomas*, pp. 7–9.

The trial court on collateral review construed petitioner's claim as a challenge to the sufficiency of the evidence, and denied relief. The trial court made the following findings:

> 1. The applicant is confined pursuant to the judgment and sentence of the 183rd District Court of Harris County, Texas, in cause no. 1277849 (the primary case), where the applicant was convicted by the court pursuant to a plea of guilty for the first degree felony offense of injury to a child.
>
> 2. Challenges to the sufficiency of the evidence are not cognizable in post-conviction habeas proceedings.
>
> 3. The applicant signed a plea agreement wherein he confessed that the charges against him were true and consented to the oral and written stipulation of evidence in the primary case. The stipulation of evidence in the primary case included the applicant's use of an object to strike the child's head, shaking the child, and caus[ing] injury by a manner and means unknown.
>
> 4. The applicant fails to state any claim that entitles him to habeas relief and merely refers back to his allegation in his second ground for relief. In habeas proceedings, the applicant must allege sufficient facts which, if true, entitle him to relief in the primary case.
>
> Accordingly, it is recommended to the Texas Court of Criminal Appeals that habeas relief be denied.

*Ex parte Thomas*, pp. 23–24 (case and record citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Id.*, at cover.

6

Petitioner subsequently filed a second application for state habeas relief. In that application, petitioner claimed that the trial court told him to plead guilty "if [he] wanted to see [his] children again." He also complained that the deadly weapon finding was inappropriate; that his Fifth Amendment rights were violated by interviews with police and social workers; that the grand jury was not informed of the conflicting medical reports; and that twenty-seven years' incarceration was excessive. The application was found to be successive and was dismissed as an abuse of the writ. *Ex parte Thomas*, WR-77, 277-04, at cover.

Under the procedural default doctrine, federal courts are precluded from granting habeas relief where the last state court to consider the claims raised by the petitioner expressly and unambiguously denied relief based on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). The Texas abuse-of-the-writ doctrine is an independent and adequate state procedural rule for purposes of procedural default. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). When a state court explicitly relies on a procedural bar, a state prisoner may not obtain federal habeas relief absent a showing of cause for the default and actual prejudice. *Id.*, at 750. A petitioner who fails to establish cause and actual prejudice may nevertheless be entitled to federal habeas relief if he can show that the imposition of the procedural bar would constitute a miscarriage of justice because he is actually innocent of the crime. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

Petitioner attempts to show cause for his default by arguing that he is a layman unskilled in the law and had no legal assistance in prison. These arguments do not establish cause. *See United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). Moreover, petitioner does not show that he is actually innocent of the crime, particularly in light of his judicial stipulation to the facts of the offense at his guilty plea hearing. His conclusory allegations to this Court that he accidentally injured his son are insufficient to establish actual innocence for purposes of overcoming his procedural default.[1]

At best, petitioner contends that the trial court should not have construed his ineffective assistance of counsel claim as a challenge to the sufficiency of the evidence. However, federal habeas relief would be unwarranted on the merits of his ineffective assistance claim, as these particular claims were waived by his guilty plea. *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Even assuming they were not waived, they are without merit. Although petitioner argues that trial counsel was ineffective in failing to inform the grand jury of a medical record that reported the child's skull was not fractured, no such medical record appears in the record. Nor does petitioner establish that counsel was in possession of the medical record at the time of the grand jury proceedings, or that he would have been able to submit the record to the grand jury. Moreover, petitioner fails to establish that, but for counsel's failure to provide the

---

[1] Petitioner reports inconsistent stories as to how his son was injured: that his son fell off the sofa, that he fell and struck his head on the carpeted floor while they were playing, that he threw his son into the air and failed to catch him, and that he fell on his head while they were playing "a little too rough."

medical record to the grand jury, there is a reasonable probability that the results of the grand jury proceeding would have been different. Petitioner acknowledges that his son was seriously injured while he was with petitioner, and disputes only the manner by which those injuries were incurred. His conclusory allegation that the grand jury would have refused to indict him is unsupported in the record and provides no basis for federal habeas relief. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding that, although *pro se* habeas petitions must be construed liberally, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue").

In the interest of justice, the Court has considered petitioner's remaining three claims and also finds them lacking in merit. Petitioner claims that he accepted the State's plea bargain offer only after the trial court told him, "These are serious charges, and if you ever want to see your kids again, I'd take the time the State is offering you." (Docket Entry No. 17, p. 5.) According to petitioner, the court's comment was a direct threat that forced him into pleading guilty. The court's alleged statement, however, does not appear in the state court records. Even so, an equally compelling, if not more likely, scenario is that the court was admonishing petitioner that, if he proceeded to trial, he risked the jury's finding him guilty and assessing a significant sentence, which would keep him away from his family for a much longer period of time than if he accepted the State's plea offer. Indeed, petitioner signed the trial court's written admonishments, verifying his understanding that the range of punishment for the offense was fifteen to ninety-nine years confinement, or life. *Ex parte Thomas*, pp. 30–31. Petitioner's claim

that the trial court's comment forced him to plead guilty is conclusory and unsupported in the record, and habeas relief is unwarranted.

Petitioner fares no better under his two final claims. A voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding that do not affect the voluntariness of the plea itself. *See Tollett v. Henderson*, 411 U.S. 258, 265–66 (1973); *see also United States v. Jennings*, 891 F.2d 93, 95 (5th Cir. 1989). Petitioner's assertions that his Fifth Amendment rights were violated during investigations of the case and that his plea-bargained sentence was excessive were waived by his guilty plea. Regardless, his claims are conclusory and unsupported in the record, and afford him no basis for habeas relief by this Court. *See Koch*, 907 F.2d at 530.

Respondent is entitled to summary judgment dismissal of petitioner's claims.

## III. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 13) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 17 day of December, 2013.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE